### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JUAN AGUILAR, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | 23-cv-16651 |
| | ) | |
| CITY OF CICERO, KENNETH DE FALCO, | ) | |
| OFFICER GUZMAN #352, and UNKNOWN | ) | |
| OFFICERS OF THE CICERO POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| *Defendants.* | ) | |

## JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AND DISMISSAL OF CICERO OFFICERS WITH PREJUDICE

NOW COME Plaintiff Juan Aguilar ("Plaintiff" or "Mr. Aguilar") and Defendants Town of Cicero[1] ("Cicero") and the individual Cicero Police Officers named herein (collectively, the "Cicero Officers") (together, the "Parties"), by and through their respective counsel, and jointly move this Court for entry of Final Judgment and for dismissal of the Cicero Officers with prejudice. In support, the Parties state as follows:

1.      Plaintiff was wrongfully imprisoned for a crime he did not commit.

2.      Plaintiff seeks compensation for grievous bodily injuries, sickness, disease, and mental anguish actually and proximately caused by his wrongful imprisonment from November 1, 2004 through December 17, 2021.  Those injuries include, but are not limited to:

- Herpes zoster infections beginning in December 2004 and recurring thereafter;

- Physical assaults by inmates and guards in 2004–2006 causing orthopedic and ocular injuries, PTSD, and depression;

---

[1] The Town of Cicero was incorrectly identified as the "City" of Cicero in the Complaint.

1

- Respiratory and cardiac disease caused by environmental exposures:

- Gastrointestinal and urinary infections (2009–2010) leading to chronic colitis and incontinence;

- Dental disease and systemic illness caused by prison food and inadequate medical care; and

- Psychological trauma, humiliation, and loss of freedom.

3.     Plaintiff's operative Complaint asserts eleven counts, including §1983 and common-law negligence claims. Predominantly, Plaintiff alleges that Cicero and the Cicero Officers breached duties to preserve evidence in years subsequent to the crime—including exculpatory physical and documentary evidence—thereby causing Plaintiff's imprisonment and consequent bodily injury.

4.     Cicero and its officers possessed and controlled evidence material to Plaintiff's exoneration—such as the victim's clothing containing trace DNA, investigative field notes, and witness statements. By 2004, Cicero knew Plaintiff's conviction rested on false or incomplete evidence yet failed to secure, preserve, or disclose such material.  That negligent and/or willful failure directly and foreseeably caused Plaintiff's wrongful imprisonment and the ensuing bodily injury, disease, and mental anguish described above.

5.      The Parties settled this Lawsuit on November 10, 2025 (the "Effective Date") and informed the Court via a Joint Status Report.  ECF No. 70.

6.     Cicero tendered the defense and indemnity of this lawsuit to its liability insurers that issued policies effective during 2004–2021, including Lexington Insurance Company and Essex Insurance Company (now Evanston Insurance Company) (collectively, the "Insurers"). Essex denied any duty to defend, settle, indemnify, or otherwise cover the lawsuit.  Lexington received notice of the lawsuit on or around August 15, 2024, but failed to defend, provide a

defense, or otherwise provide any coverage determination as respects the lawsuit prior to the Effective Date.

7.     Under Illinois law, where an insurer refuses to defend or indemnify, the insured may negotiate a reasonable settlement or consent judgment and assign its coverage rights to the plaintiff. *Guillen v. Potomac Ins. Co.,* 203 Ill. 2d 141 (2003*); Country Mut. Ins. Co. v. Olsak*, 2022 IL App (1st) 200695. A settlement amount is enforceable if, considering the totality of the circumstances, it reflects what a reasonably prudent and solvent uninsured defendant would have paid on the merits.

8.     In light of the nature, duration, and severity of Plaintiff's injuries, and considering verdicts and settlements in analogous wrongful-imprisonment cases nationwide, the Parties agree that a judgment in the amount of Twelve Million Dollars ($12,000,000) is fair, reasonable, and non-collusive. Courts have repeatedly upheld comparable awards ranging from $1 million to $2 million per year of wrongful incarceration. *See Limone v. United States*, 497 F. Supp. 2d 143 (D. Mass. 2007); *see also See Fulton & Mitchell v. Bartik*, Nos. 20-cv-3118 & 20-cv-3119 (N.D. Ill.) ($120 million for two plaintiffs); *Lobato v. Las Vegas Metropolitan Police Department et al.*, No. 19-cv-1273 (D. Nev.) ($34 million); *Brown v. City of Chicago*, No. 19 CV 4082 (N.D. Ill.) ($50 million); *Amor v. Cross*, No. 18cv02523 (N.D. Ill.) ($22.5 million); *Smith v. City of Oakland*, 538 F. Supp. 2d 1217, 1242-43 (N.D. Cal. 2008) (describing $1 million per year of wrongful incarceration as "a floor for wrongful imprisonment awards, not a ceiling"); *Weichel v. Commonwealth of Massachusetts.*, C.A. No. 18885CV02078-A (Sup. Ct.) ($33 million jury award for 33 years of wrongful incarceration); *Restivo v. Nassau County*, 06-cv-6720 (E.D.N.Y. 2014) (verdict of $36,000,000 for 36 years cumulatively for two individuals, or $1,000,000 per year); *Ayers v. City of Cleveland*, 12-cv-753-GF (N.D. Ohio) ($13.2 million jury award for 13

years of wrongful imprisonment); *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill.) ($22

million verdict for 18 years of wrongful incarceration).

       9.      The Parties have executed a Settlement Agreement (Ex. 1), which provides for:

- Entry of final judgment in favor of Plaintiff and against Cicero in the amount of $12,000,000;

- Assignment by Cicero to Plaintiff of all rights, claims, and causes of action against its Insurers arising from the Occurrence and the Lawsuit;

- Plaintiff's covenant not to execute against Cicero; and

- Dismissal of the Cicero Officers with prejudice.

**WHEREFORE**, the Parties jointly and respectfully request that the Court:

1. Grant this Joint Motion;

2. Enter the [Proposed] Final Judgment in the form attached as Ex. 2; and

3. Dismiss the Cicero Officers with prejudice.

<br>

/s/ Jon Loevy

Attorney for Plaintiff Juan Aguilar

Jon Loevy
Loevy & Loevy, P.C.
311 N. Aberdeen St., Suite 3
Chicago, IL 60607
(312) 243-5900
jon@loevy.com

/s/ Sean M. Sullivan

Attorney for Defendant Town of Cicero

Sean M. Sullivan
Del Galdo Law Group, LLC
1441 S. Harlem Avenue
Berwyn, IL 60402
(708) 222-7000
sullivan@dlglawgroup.com

/s/Andrew Y. Acker
For the Individual Defendants
Andrew Y. Acker
Storino, Ramello & Durkin
9501 Technology Blvd Suite 4200
Rosemont, IL 60018
847-318-9500
andrew@srd-law.com