IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN AGUILAR, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) 23-cv-16651 |
| CITY OF CICERO, KENNETH DE FALCO, | ) |
| OFFICER GUZMAN #352, and UNKNOWN | ) |
| OFFICERS OF THE CICERO POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
| *Defendants.* | ) |

## SETTLEMENT AGREEMENT

Plaintiff Juan Aguilar ("**Plaintiff**") on the one hand and Defendants Town of Cicero[1] ("**Cicero**") and Kenneth De Falco and Officer Guzman #352 (the "**Individual Defendants**") on the other (collectively, the "**Defendants**") (collectively, with the **Plaintiff**, the "**Parties**") agree to the following:

**A.    RECITALS**

1.    **Plaintiff** has brought claims against **Defendants** seeking compensation for severe, traumatic, and discrete bodily injuries; the contraction of sickness and disease; and mental anguish, shock, and humiliation actually and proximately caused by Plaintiff's wrongful imprisonment (the "**Occurrence**") from November 1, 2004 through December 17, 2021 in a lawsuit styled *Juan Aguilar v. City of Cicero, et al.,* Case No. 1:23-cv-16651 pending in the United States District Court for the Northern District of Illinois (the "**Lawsuit**").

2.    **Plaintiff** alleges he was imprisoned for a crime (the sexual assault of a

---

[1] The Town of Cicero was incorrectly identified as the "City" of Cicero in the Complaint.

1

developmentally disabled 13-year-old girl) he did not commit. **Plaintiff's** wrongful imprisonment resulted from the loss, misplacement, or destruction—on or after November 1, 2004—of physical and documentary evidence collected in connection with the underlying investigation, including but not limited to the victim's clothing containing trace DNA evidence, investigative field notes, and witness statements. **Cicero** owed statutory, constitutional, and common-law duties to preserve such evidence, including pursuant to 725 Ill. Comp. Stat. Ann. 5/116-4. Had those duties been fulfilled, **Plaintiff** would have been able to establish his innocence in 2004.

3. The **Parties** settled this **Lawsuit** in principle on November 10, 2025 (hereinafter, the "**Effective Date**"), subject only to reducing the agreement to writing and approval by the Town of Cicero Board of Trustees, and informed the Court via a Joint Status Report. ECF No. 70.

4. **Defendants** tendered the **Lawsuit** for defense and indemnity to their liability insurers who issued coverage during the **Occurrence** period, including but not limited to Lexington Insurance Company and Essex Insurance Company, k/n/a Evanston Insurance Company (collectively, the **Insurers**). Essex denied any duty to defend, settle, indemnify, or otherwise cover the **Defendants** in connection with the **Occurrence** or **Lawsuit**. Lexington received notice of the **Lawsuit** on or around **August 15, 2024**, but failed to defend, provide a defense, or otherwise provide any coverage determination as respects the **Occurrence** or **Lawsuit** as of the **Effective Date.**

5. The **Parties** now desire to enter into this **Settlement Agreement** to provide, among other things, consideration for the full, final, and complete resolution of all claims and causes of action against the **Defendants** that relate in any way to the **Occurrence** or **Lawsuit** on the terms and conditions set forth in this **Settlement Agreement**.

**B.** **TERMS**

2

1. <u>Judgment</u>:

   a. The **Parties** agree to the entry of a final judgment in favor of the **Plaintiff** and against **Cicero** (the "**Judgment**"), in a form substantially similar to the proposed final judgment attached hereto as Exhibit 1.

   b. The **Judgment** will dismiss with prejudice all claims and causes of action against the **Individual Defendants**.

   c. The **Judgment** will award compensatory damages for bodily injuries sustained by **Plaintiff** in the amount of $12,000,000 (the "**Judgment Amount**").

2. <u>Payment</u>:

   a. A total of $2,000,000 of the **Judgment Amount** will be paid by **Cicero** as follows: (i) $1,000,000 will be paid within 45 days following the vote of final approval by the Board of Trustees of the settlement, (ii) an additional $500,000 will be paid by December 1, 2026, and (iii) an additional $500,000 will be paid by December 1, 2027.

   b. The remainder of the **Judgment Amount** (the "**Remainder**") will be satisfied solely through the assignment to **Plaintiff** reflected in paragraphs B.3 below.

3. <u>Assignment and Covenant Not To Execute</u>:

   a. Assignment. **Defendants** hereby assign to **Plaintiff** all rights, claims, choses in action, and causes of action they have or may have against any insurer, broker, or other risk-bearing entity (including but not limited to Lexington and Essex/Evanston) arising from, related to, or in any way connected with the **Occurrence**, the **Lawsuit**, the **Insurers'** refusal to defend or indemnify, or the

**Judgment.** The assignment includes, without limitation, claims for coverage under primary, umbrella, excess, or public-entity liability policies and any statutory or common-law claims for bad faith, breach of contract, or declaratory relief. **Plaintiff** has the exclusive right to allocate the payments made by **Cicero** described in B.2 towards satisfaction of any retained limit, self-insured retention, or deductible.

    b.    Covenant Not to Execute. Plaintiff covenants and agrees to seek satisfaction of the unpaid portion of the **Judgment** solely from the **Insurers** or any other available insurance and not from the Town of **Cicero's** or the individual Defendants general funds, assets, or taxpayers. For the avoidance of doubt, **Plaintiff's** exclusive recovery for the **Remainder** shall be limited to insurance proceeds or insurer-related claims, including any recovery as assignee or judgment creditor.

4.    <u>Warranty:</u>    **Defendants** warrant that Essex has denied any duty to defend, settle, indemnify, or otherwise cover the **Defendants** in connection with the **Occurrence** or **Lawsuit**. **Defendants** warrant that no insurer has provided or agreed to provide a defense or indemnity as of the **Effective Date**. The **Parties** acknowledge that this warranty is a material term of this **Settlement Agreement**.

5.    <u>Releases</u>: Except for as specified in paragraphs B.1, B.2, and B.3 above:

    a.    **Plaintiff** and their past, present, and future agents, representatives, successors, assigns, heirs, and beneficiaries (collectively, the "**Plaintiff Releasors**") hereby forever release, discharge, and acquit the **Defendants** along with their past, present and future employees, agents, representatives, successors, assigns, heirs, elected and appointed officials, officers, directors, stockholders, partners, limited partners, departments, joint venturers, agents, representatives,

employers, members, servants, predecessors, successors, claim administrators, third-party administrators, and attorneys except for any insurer (collectively, the **"Released Defendants"**), from all claims, suits, costs, debts, demands, actions, and causes of action, whether known or unknown, that **Plaintiff Releasors** had, have, or might have in the future against the **Released Defendants** for all injuries and damages and losses, including attorneys' fees and costs, of whatsoever kind and nature arising out of the **Occurrence** or **Lawsuit.**

b.  The **Defendants**, for themselves and their past, present, and future agents, representatives, successors, assigns, heirs, and beneficiaries (collectively, the **"Defendant Releasors"**) hereby forever release, discharge, and acquit the **Plaintiff** along with any past, present and future employees, agents, representatives, successors, assigns, heirs, elected and appointed officials, officers, directors, stockholders, partners, limited partners, departments, joint venturers, agents, representatives, employers, members, servants, predecessors, successors, claim administrators, third-party administrators, and attorneys (collectively, the **"Released Plaintiffs"**), from all claims, suits, costs, debts, demands, actions, and causes of action, whether known or unknown, that **Defendant Releasors** had, have, or might have in the future against the **Released Plaintiffs** for all injuries and damages and losses, including attorneys' fees and costs, of whatsoever kind and nature arising out of the **Occurrence** or **Lawsuit.**

c.  Nothing in the releases above discharges, releases, or impairs the **Judgment** or any rights assigned to **Plaintiff** under Paragraphs B.1, B.2, B.3, or any claim against any insurer or insurance policy.

6. <u>Cooperation</u>: **Defendants** shall cooperate at all times with **Plaintiff** including by supplying documents and insurance-related witnesses capable of providing relevant testimony, and if needed, in response to reasonable requests from **Plaintiff**, will request information to be shared with **Plaintiff** from their brokers and insurers.

7. <u>Other terms</u>:

    a. **Plaintiff** agrees to indemnify **Cicero** from any contribution or subrogation claim brought by an insurer based on this **Settlement Agreement**. **Plaintiff** has the right but not the duty to defend any such claim.

    b. This **Settlement Agreement** and any documents that may be executed in service of this **Settlement Agreement** contain the entire agreement between the **Parties** with regard to the settlement of the **Occurrence** and **Lawsuit** and shall be binding upon and inure to the benefit of the **Parties** hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

    c. This **Settlement Agreement** is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a **Party** merely because that party is or was the principal drafter.

    d. In entering into this **Settlement Agreement**, the **Parties** represent that they have relied upon the advice of their attorneys who are the attorneys of their own choice, and that the terms of this **Settlement Agreement** have been interpreted, completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by the **Parties**.

e.  All **Parties** agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this **Settlement Agreement**.

f.  The **Parties** agree that the **Parties** can execute this Agreement in counterpart.

g.  Right to counsel. **Plaintiff** acknowledges that he was informed that he has the right to consult with an attorney before signing this agreement and that this paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, **Plaintiff** acknowledges that he has been advised by competent legal counsel of his own choosing in connection with the review and execution of this agreement and that he has had an opportunity to and did negotiate over the terms of this agreement.

h.  Acknowledgement of Contents and Effect. **Plaintiff** declares that he and his attorney and authorized agents (if any) have completely read this **Settlement Agreement** and acknowledge that it is written in a manner calculated to be understood by **Plaintiff**. **Plaintiff** fully understands its terms and contents, including the rights and obligations hereunder, and **Plaintiff** freely, voluntarily, and without coercion enters into this **Settlement Agreement**. Further, **Plaintiff** agrees and acknowledges that he has had the full opportunity to investigate all matters pertaining to his claims connected to the **Lawsuit**, and that the waiver or release of any rights or claims he may have under any local, state, federal law is knowing and voluntary.

i.  Choice of Law. The **Parties** agree that this **Settlement Agreement** shall be deemed to have been executed and delivered within the State of Illinois and shall in all respects be governed, interpreted, and enforced in accordance with the laws of the State of Illinois exclusive of its conflicts of laws provisions.

j.  Court Approval. The **Parties** agree to jointly move for entry of the **Judgment** described herein and acknowledge that the **Judgment**, once entered, shall be binding and enforceable and shall have the same force and effect as if entered after trial.

k.  Reasonableness. The **Parties** acknowledge and stipulate that this **Settlement Agreement** was negotiated in good faith and at arm's length, with each **Party** represented by independent counsel, and that the **Judgment Amount** is fair and reasonable.

<u>REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK</u>
<u>SIGNATURE PAGE FOLLOWS</u>

**IN WITNESS WHEREOF**, THE PARTIES HAVE EXECUTED THIS AGREEMENT ON THE DAY AND YEAR AS INDICATED BELOW.

PLAINTIFF, JUAN AGUILAR,

_Juan Aguilar B_

By: JUAN AGUILAR

Date: 12-07, 2025


TOWN OF CICERO,

By: _[signature]_

Its: PRESIDENT

Date: 09 DEC, 2025

# EXHIBIT 1

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN AGUILAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-16651 |
| | ) | |
| CITY OF CICERO, KENNETH DE FALCO, | ) | |
| OFFICER GUZMAN #352, and UNKNOWN | ) | |
| OFFICERS OF THE CICERO POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL JUDGMENT**

**I.   Findings and Recitals**

This matter having come before the Court on the Joint Motion for Entry of Final Judgment and Dismissal of the Cicero Officers with Prejudice (the "Joint Motion") filed by Plaintiff Juan Aguilar ("Plaintiff") and Defendants Town of Cicero[1] ("Cicero") and the individual Cicero Police Officers named herein (the "Cicero Officers") (collectively, the "Parties"), the Court being fully advised, and the Parties having consented to the entry of this Judgment, the Court finds as follows:

1.   Plaintiff was wrongfully imprisoned for a crime he did not commit. During the period of his wrongful imprisonment, Plaintiff sustained bodily injury, sickness, disease, and mental anguish, including but not limited to herpes zoster infections, physical assaults, respiratory and cardiac illness, gastrointestinal and urinary infections, dental disease, and

---

[1] The Town of Cicero was incorrectly identified as the "City" of Cicero in the Complaint.

1

EXHIBIT 1

psychological trauma. These injuries were caused by Plaintiff's exposure to harmful prison conditions.

    2.      Plaintiff's operative Complaint asserts claims under 42 U.S.C. § 1983 and Illinois law, including negligence-based Preservation-of-Evidence Claims alleging that Cicero and its officers breached duties to secure, retain, preserve, and disclose material evidence. Plaintiff's wrongful imprisonment resulted from the loss, misplacement, or destruction—on or after November 1, 2004—of physical and documentary evidence collected in connection with the underlying investigation, including but not limited to the victim's clothing containing trace DNA evidence, investigative field notes, and witness statements. Cicero owed statutory, constitutional, and common-law duties to preserve such evidence, including pursuant to 725 Ill. Comp. Stat. Ann. 5/116-4. Had those duties been fulfilled, Plaintiff would have been able to establish his innocence in 2004.

    3.      The Parties settled this Lawsuit in principle on November 10, 2025 (the "Effective Date"), subject only to reducing the agreement to writing and approval by the Town of Cicero Board of Trustees, and informed the Court via a Joint Status Report. ECF No. 70.

    4.      Cicero tendered the defense and indemnity of this action to its liability insurers whose policies were in effect during 2004-2021, including Lexington Insurance Company and Essex Insurance Company (now Evanston Insurance Company) (collectively, the "Insurers"). Essex denied any duty to defend, settle, indemnify, or otherwise cover the lawsuit. Lexington received notice of the lawsuit on or around August 15, 2024, but has failed to defend, provide a defense, or otherwise provide any coverage determination as respects the lawsuit prior to the Effective Date.

EXHIBIT 1

5. Under Illinois law, when an insurer refuses to defend or indemnify its insured, the insured may enter into a reasonable settlement or consent judgment and assign its coverage rights to the plaintiff. *Guillen v. Potomac Ins. Co.*, 203 Ill. 2d 141 (2003); *Country Mut. Ins. Co. v. Olsak*, 2022 IL App (1st) 200695.

6. Considering the duration and severity of Plaintiff's injuries, verdicts and settlements in analogous wrongful-imprisonment cases, and the totality of circumstances, the Court finds that a judgment in the amount of Twelve Million Dollars ($12,000,000) is fair, reasonable, and non-collusive, and represents the amount a reasonably prudent and solvent uninsured defendant would have paid to settle the Preservation-of-Evidence Claims on their merits.

7. The Parties have entered a Settlement Agreement providing for (a) entry of this Final Judgment; (b) assignment by Cicero to Plaintiff of all rights, claims, and causes of action Cicero has or may have against its Insurers arising from or relating to the Lawsuit; (c) a covenant by Plaintiff not to execute this Judgment against Cicero; and (d) dismissal with prejudice of all claims against the Cicero Officers.

## II. Order and Judgment

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Judgment is entered in favor of Plaintiff Juan Aguilar and against Defendant Town of Cicero in the amount of Twelve Million Dollars ($12,000,000).

2. This Judgment is based solely on the bodily injuries, sickness, disease, and mental anguish suffered by Plaintiff during his wrongful imprisonment which resulted from Cicero's negligent failure to preserve evidence material to Plaintiff's sentencing and exoneration.

EXHIBIT 1

3. Pursuant to the Settlement Agreement, Cicero assigns to Plaintiff all rights, claims, and causes of action against its Insurers arising from or relating to the Lawsuit or any refusal to defend or indemnify Cicero in this action.

4. Except as provided in the Settlement Agreement, Plaintiff covenants not to execute this Judgment against Cicero.

5. All claims against the Cicero Officers are hereby dismissed with prejudice, each party to bear its own fees and costs.

6. This Judgment is final, appealable, and enforceable as a judgment at law and in equity.

7. The Court retains jurisdiction to enforce this Order.